**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-41162

AEROVIAS DE MEXICO, S.A. DE C.V., d/b/a, AEROMEXICO,

Plaintiff-Appellant,

v.

GERARDO DE PREVOISIN and GP INVESTMENT, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(4:95-CV-48)

June 29, 2000

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Aerovias de Mexico, S.A. de C.V. ("Aerovias"), appeals the district court's dismissal of its suit for lack of subject matter jurisdiction. We agree with the district court's analysis and affirm its decision.

**Discussion**

Aerovias brought suit against Gerardo de Prevoisin ("Prevoisin") and GP Investment, Inc. ("GP"), claiming that Prevoisin committed a series of wrongful acts while Chairman of the Board of Aerovias. Aerovias claimed that, through a series

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

of transactions, Prevoisin and GP committed fraud, converted and wasted Aerovias's corporate assets, breached fiduciary duties and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO").  *See* 18 U.S.C. §§ 1951-68 (1994).  After successful removal by the defendants and a series of procedural rulings, the district court concluded that it did not have subject matter jurisdiction and dismissed the case.

We agree with the district court that because all predicate acts for the transactions that form the basis of Aerovias's money laundering claim occurred outside of the United States, it lacked subject matter jurisdiction under RICO.  *See* 18 U.S.C. § 1956(c)(7)(B) (West Supp. 2000) (listing specified unlawful activities necessary to establish subject matter jurisdiction under the money laundering statute).

In addition, we agree with the district court that it also lacked subject matter jurisdiction based on the conduct or effects test.  While some of the proceeds of the alleged fraudulent activity may have been used to procure property in the United States, the conduct itself occurred in Mexico.  "Mere preparatory activities, and conduct far removed from the consummation of the fraud, will not suffice to establish jurisdiction."  *North South Fin. Corp. v. Al-Turki*, 100 F.3d 1046, 1051 (2d Cir. 1996)   (quoting *IIT v. Vencap, Ltd.*, 519 F.2d 1001, 1017 (2d Cir. 1975)).  We have adopted the Second Circuit's articulation of the conduct test.  *See Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900, 906 (5th Cir. 1997).

-2-

## Conclusion

Because we agree with the district court's analysis, we affirm its dismissal of Aerovias's suit based on lack of subject matter jurisdiction.


AFFIRM